IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

CIVIL DIVISION

AMALIE OIL COMPANY,

    Plaintiff,

vs.    CASE NO. _____

TC CHEMICALS, LLC, d/b/a    DIVISION _____
THIRD COAST CHEMICALS,
THIRD COAST CHEMICALS, LLC,
and THIRD COAST CHEMICALS, LTD.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, AMALIE Oil Company, a Florida corporation ("AMALIE"), by its undersigned attorneys, sues Defendant, TC Chemicals, LLC, and says:

1.    This is an action for damages that exceed $15,000.00.

2.    AMALIE is located and conducts business in Hillsborough County, Florida.

3.    TC Chemicals LLC is located in Pearland, Texas, and does business under three assumed names: Third Coast Chemicals; Third Coast Chemicals, LLC and Third Coast Chemicals, Ltd. (collectively "Third Coast").

4.    Third Coast manufacturers and sells brake fluid, among other products. AMALIE and Third Coast have had business transactions between them under which

AMALIE purchased brake fluid from Third Coast, for delivery to AMALIE in Tampa, Florida. During 2016, Third Coast sold brake fluid to AMALIE that did not meet the specifications represented by Third Coast or specifications imposed by federal regulations, as a result AMALIE suffered damages.

## COUNT I
### (Express Warranty)

5. Paragraphs 1 through 4 are realleged.

6. For several years and continuing until April 2016, AMALIE purchased a product known as DOT 3 Low Boil Brake Fluid ("DOT 3 Low Boil Brake Fluid") from Third Coast for distribution and resale by AMALIE. Customarily, AMALIE sent emails to Third Coast requesting a shipment of DOT 3 Low Boil Brake Fluid. Third Coast would send a reply confirming a date for shipment of the order and pricing, and Third Coast would ship the DOT 3 Low Boil Brake Fluid to AMALIE in Tampa, Florida.

7. DOT 3 Low Boil Brake Fluid is subject to federal regulations that establish performance standards for all DOT 3 brake fluids, which are set forth in 49 C.F.R. 571.116 ("Reg. 571.116").

8. Among the many specifications DOT 3 brake fluid must meet is the requirement that at a temperature of minus 50°C the brake fluid must "show no sludging, sedimentation, crystallization or stratification." Reg. 571.116.5.1.7 (the "Cold Temperature Specifications").

9. At all times, Third Coast represented that its DOT 3 Low Boil Brake Fluid met all performance standards set forth in Reg. 571.116, and described all of the DOT 3 Low Boil Brake Fluid sold to AMALIE as DOT 3 brake fluid.

10. AMALIE did not routinely conduct tests to determine whether the brake fluid it received from Third Coast met the Cold Temperature Specifications. AMALIE relied upon Third Coast's representation that all of the DOT 3 Low Boil Brake Fluid it sold to AMALIE complied with all performance standards required by Reg. 571.116.

11. During 2016, AMALIE purchased several shipments of DOT 3 Low Boil Brake Fluid from Third Coast which AMALIE subsequently learned did not meet the Cold Temperature Specifications. Third Coast shipped the defective DOT 3 Low Boil Brake Fluid by railcar or truck to AMALIE in Tampa, Florida, including product sold under the following Purchase Orders, Bills of Lading and Invoices, described as follows:

| Purchase Order No. | Bill of Lading No. | Invoice No. | Amount |
|---|---|---|---|
| 512600 | 188868 | 17382 | $88,288.20 |
| 512889 | 190168 | 17448 | 83,360.60 |
| 513124 | 192196 | 17528 | 80,358.60 |

Copies of the Bills of Lading and Invoices for these non-compliant shipments of DOT 3 Low Boil Brake Fluid are attached as Exhibits A through I, respectively. AMALIE paid Third Coast the amounts due on each of these invoices.

12. AMALIE routinely transferred the DOT 3 Low Boil Brake Fluid it received from the railcar or truck tanks to AMALIE's bottling facility and bottled the product in 16 oz., 32 oz. and 1 gallon containers for resale to AMALIE's customers.

13. In late April or early May 2016, one of the customers to whom AMALIE had sold DOT 3 Low Boil Brake Fluid, informed AMALIE that the DOT 3 Low Boil Brake Fluid it had purchased failed to meet the Cold Temperature Specifications.

14. On or before May 5, 2016, AMALIE's customer demanded that AMALIE authorize the return to AMALIE of all DOT 3 Low Boil Brake Fluid the customer had remaining on hand, and reimburse the customer for the price it had paid, all of its costs and expenses, and for its lost sales. AMALIE authorized the return of the DOT 3 Low Boil Brake Fluid.

15. AMALIE's customer ultimately returned approximately 36,000 gallons of DOT 3 Low Boil Brake Fluid to AMALIE because the DOT 3 Low Boil Brake Fluid did not comply with the specifications of Reg. 571.116. AMALIE's customer also declined to make any further purchases of DOT 3 Low Boil Brake Fluid from AMALIE.

16. AMALIE paid or credited the aggregate sum of $1,721,808.00 to its customer to reimburse the customer for the price it had paid to AMALIE for all of the returned DOT 3 Low Boil Brake Fluid, the customer's shipping and labor costs for returning the product, and amounts necessary to compensate the customer for lost sales and profits arising as a result of its purchase and return of the non-complying DOT 3 Low Boil Brake Fluid.

17. On about June 8, 2016, AMALIE took samples of DOT 3 Low Boil Brake Fluid directly from Railcar GATX 53944 (which had not yet been unloaded) and sent the samples to an independent testing laboratory for testing. On or about June 17, 2016, the laboratory reported that the samples had failed the test for the Cold Temperature Specifications. Third Coast authorized AMALIE to return the brake fluid, and AMALIE returned Railcar GATX 53444 and its contents to Third Coast.

18. On or about June 22, 2016, AMALIE notified Third Coast that AMALIE's customer had determined that the DOT 3 Low Boil Brake Fluid it had purchased from AMALIE had failed the test for Cold Temperature Specifications, and as a result the customer was returning the non-complying DOT 3 Low Boil Brake Fluid to AMALIE.

19. AMALIE incurred its own labor and handling costs related to the returned DOT 3 Low Boil Brake Fluid, lost the benefit of future sales of DOT 3 Low Boil Brake Fluid to its customer, and also suffered damage to its reputation.

20. AMALIE hereby demands that Third Coast compensate AMALIE for the damages it has suffered, including but not limited to recovery of the price paid to Third Coast, together with AMALIE's own cost for handling the returned DOT 3 Low Boil Brake Fluid, all costs AMALIE incurred reimbursing its customer as described above, and damages resulting from AMALIE's loss of future sales and injury to its reputation.

21. All conditions precedent to the relief demand herein, have been performed or have occurred.

WHEREFORE, AMALIE demands judgment for damages and consequential damages against Third Coast, including recovery of the price paid to Third Coast for the returned DOT 3 Low Boil Brake Fluid, the costs AMALIE incurred reimbursing its customer, AMALIE's own costs for handling returned DOT 3 Low Boil Brake Fluid, and damages due to AMALIE's loss of future sales and injury to its reputation, together with interest and costs and such other relief as the Court deems just.

## COUNT II
### (Implied Warranty)

22. Paragraphs 1 through 21 are realleged.

23. Third Coast breached the implied warranty of merchantability applicable to the DOT 3 Low Boil Brake Fluid it sold to AMALIE because the DOT 3 Low Boil Brake Fluid did not meet the Cold Temperature Specifications imposed under Reg. 571.116.

24. All conditions precedent to the relief demand herein, have been performed or have occurred.

WHEREFORE, AMALIE demands judgment for damages and consequential damages against Third Coast, including recovery of the price paid to Third Coast for the returned DOT 3 Low Boil Brake Fluid, the costs AMALIE incurred reimbursing its customer, AMALIE's own costs for handling returned DOT 3 Low Boil Brake Fluid, and damages due to the loss of future sales and injury to its reputation, together with interest and costs and such other relief as the Court deems just.

Dated:   April 5, 2018

/s/ Robert M. Quinn
Robert M. Quinn
Florida Bar No. 305898
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Email: rquinn@carltonfields.com
lrodriguez@carltonfields.com
tpaecf@cfdom.net

*Attorneys for AMALIE OIL COMPANY*