**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**AMALIE OIL COMPANY,**

    **Plaintiff,**

v.	                                                                  **Case No.: 8:18-cv-1155-T-36AAS**

**TC CHEMICALS, LLC, d/b/a THIRD
COAST CHEMICALS, THIRD COAST
CHEMICALS, LLC, and THIRD COAST
CHEMICALS, LTD.,**

    **Defendants.**
_____/

## ORDER

TC Chemicals, LLC (Third Coast) seeks an order compelling Amalie Oil Company (Amalie) to produce one document. (Doc. 32). The document is nine lines typed by Amalie's then Technical Director John DiSilvestri. Mr. Silvestri is currently Amalie's Vice President of Product Development and Management and also one of Amalie's testifying experts in this action. Amalie opposes the motion and argues the document is attorney work product and contains protected attorney-expert communications. (Doc. 35). Amalie's Privilege Log lists the subject document as "Attorney Work Product." (Doc. 32, p. 20). The court conducted an *in camera* inspection of the document and Mr. Silvestri's January 2019 expert report.

Federal Rule of Civil Procedure 26(b)(3), sets forth the work product doctrine and states:

    (A)  Documents and Tangible Things. Ordinarily, a party

> may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> 1. They are otherwise discoverable under Rule 26(b)(1); and
>
> 2. The party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3). "The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative (including its attorney)." *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990*)* (citing *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979); Fed. R. Civ. P. 26(b)(3)). The work product doctrine protects "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947).

In analyzing the level of protection afforded to documents that a party claims constitutes work product, courts distinguish between "fact" work product and "opinion" work product, the latter of which enjoys a heightened level of protection. While fact work product may be subject to discovery depending on the discovering party's showing of substantial need and undue burden, "work product containing an attorney's opinions, mental impressions, conclusions, and legal theories enjoys nearly

absolute protection." *Calderon v. Reederei Claus–Peter Offen Gmbh & Co.*, 2009 WL 1748089 (S.D. Fla. June 19, 2009) (citing *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1441–42 (11th Cir. 1994)).

The adoption of the 2010 Amendments to Rule 26 reinforced these parameters for assessing work product. Amended Rule 26(b)(4) provides work product protection against discovery for an expert's draft reports and for communications between expert witnesses and counsel. *See* 2010 Advisory Committee notes to Rule 26. The Committee limited disclosure of expert material:

> Rule 26(b)(4)(C) is added to provide work-product protection for attorney-expert communications regardless of the form of the communications, whether oral, written, electronic, or otherwise. The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery.

*Id.*

The subject document contains Amalie's attorney's opinion work product. Mr. DiSilvestri created the document to memorialize his notes from a meeting with litigation counsel and Amalie's CEO. The notes list counsel's action item instructions for Mr. DiSilvestri about questions counsel had in anticipation of bringing this action. Because the document memorializes counsel's action items for Mr. DiSilvestri in anticipation of litigation and Mr. DiSilvestri is now Amalie's expert, the page of notes is protected by both Rule 26(b)(3)(A) and 26(b)(4)(C). The notes do not appear to

contain any factual work product, but, even if the document did, Third Coast has not met its burden of demonstrating substantial need and undue hardship.

For these reasons, Third Coast's Motion to Compel (Doc. 32) is **DENIED**.

**ORDERED** in Tampa, Florida on July 3, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge